CHAMPION v. CHAMPION.

No. 33928. April 4, 1950.

Rehearing Denied May 16, 1950.

*218 P. 2d 354.*

Earl E. James and John Barry, both of Oklahoma City, for plaintiff in error.

Cargill, Eagleton & Cargill and Jarman, White & Jarman, all of Oklahoma City, for defendant in error.

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for interveners.

HALLEY, J. Parties will be referred to according to the positions that they occupied in the trial court.

Plaintiff and defendant were married on October 30, 1937, and to the marriage no children were born. At the time of their marriage, defendant had a five-year-old adopted daughter named Dorothy. She lived with plaintiff and defendant after their marriage. The defendant was 49 years of age at the time of the marriage and the plaintiff was 11 or 12 years younger. Both parties possessed some property at the time of their marriage. The defendant had a good income, and their living expenses were high almost to the point of extravagance. The trial court granted plaintiff a divorce, and the defendant finds no fault with the judgment in this regard. She was entitled to a divorce under the evidence, although neither party was free from fault. The defendant appealed from the judgment as to the division of property, the alimony allowance, and the custody of the adopted daughter.

The daughter is now almost 18 years of age, and the trial court had the right to and did give the child to the plaintiff, though she was no more closely related than the wife of the adoptive father. If in his discretion the trial judge deemed it for the best interest of the child to award her custody to the plaintiff, we see no reason to modify the trial court's judgment on this question in any way.

The real question in this case is: Did the trial court render the judgment that should have been rendered as to the division of property and alimony? The record shows that the plaintiff possessed considerable property at the time of her marriage, but that was her separate property and was all properly set aside to her. In this case, section 1278, Title 12, O.S. 1941, controls.

From the record it appears that the parties accumulated during coverture the residence at 507 N.W. 40th street in Oklahoma City, being more definitely described as lot 11, block 15, Crown Heights Addition, together with the household furniture, valued at $37,500; a motor boat valued variously at $2,500 to $4,500; a Packard automobile valued at $2,500; the 136 tank cars mortgaged

to and leased to Phillips Petroleum Company, the equity being valued from nothing to $269,000; and $3,900 in cash, being a refund on an income tax payment. There were other items, but not of considerable value. At no time was an itemized list of the property belonging to the parties shown in the record, and some question was raised as to the ownership of the motor boat and Packard car, but there was sufficient evidence to justify the holding that the Packard car either was community property or the defendant's.

The defendant draws $184 per month from the U.S. Government for injuries sustained in World War II. This amount was and is subject to change, and will not be used to pay any part of the judgment in this case.

The defendant owned 59 tank cars which were leased to the Cities Service Company by the Pioneer Equipment Company, which was a partnership of the Godfrey Bingham Estate and M. H. Champion. Champion had placed the ownership of his interest in a partnership composed of his mother, his sister, his daughter, and himself, with a one-fourth interest in each. The Champion interest in the Pioneer Equipment Company was 59 tank cars that he owned and had owned prior to his marriage. The Bingham Interests furnished 70 cars. Cities Service Company paid rental of $50 on each car per month. This lease extends to December 31, 1952, and the lessee has the option to purchase the cars at $500 each and lessee to reimburse lessors for costs of installing air brakes should they be installed. There was considerable evidence offered as to the actual value of these 59 cars; however, at the time of the marriage, these cars were the defendant's separate property. There was nothing in the affidavit filed with the Secretary of State on April 23, 1943, to get the benefit of the Oklahoma Community Property Law then in existence, which converted these cars to community property, and we

hold that these 59 cars were the separate property of the defendant. In this case this is of importance only in arriving at a proper division of the property.

There is serious question as to whether the daughter Dorothy has an interest in the cars in the Phillips lease, inasmuch as the ownership of these cars was placed in the Champion Tank Car Corporation and stock in this corporation was given to Dorothy Champion. The petition of intervention did not show that it was being filed by her guardian or next friend, as is required by section 226, Title 12, O.S. 1941; nor was any effort made to comply with sections 228 and 229. The rights, if any, of Dorothy Champion are not affected by the judgment in this case, and the judgment is hereby vacated insofar as her rights are concerned.

As to the other interveners in this case, we think that the finding of the trial court is sustained by the evidence, and whatever interest they had, both in the partnership and in the corporation, was in reality being held for the use and benefit of M. H. Champion, and the judgment of the trial court as to the adult interveners is affirmed.

The 136 tank cars which are leased to Phillips Petroleum Company are definitely community property and were acquired by the parties during their coverture. The question is, what part of these cars should go to the plaintiff? The testimony as to what the value of these cars, over and above the mortgage debt, would be at the expiration of the ten-year lease to Phillips, is not definite. However, we think that the plaintiff should have a money judgment rather than an interest in these cars in order that there be no conflict in operation of the business of the defendant.

In our opinion, the judgment of the trial court as to the amount of money judgment should be reduced to the sum

of $42,500, payable at the rate of $750 per month, beginning on August 18, 1948, as fixed by the judgment of the trial court, down to and including December 18, 1952, the balance due after that date to be paid at the rate of $275 per month until the entire $42,500 has been paid. All the interest of the defendant in the tank cars, both those leased to Cities Service Oil Corporation and those leased to Phillips Petroleum Company, will be subject to the lien of this judgment.

The judgment of the trial court in decreeing to the plaintiff a divorce and custody of the daughter, and awarding to her the home and furniture, the Packard automobile, the $3,900 tax refund, and attorneys' fee, is hereby affirmed. The judgment is also affirmed as to the rights of all interveners except Dorothy Champion, whose rights in the partnership and corporation are in no way determined by this decision.

The plaintiff is allowed an additional attorneys' fee of $2,500, to be paid by the defendant.

We have weighed the evidence in this case and have entered the judgment that should have been entered by the trial court. See Hink v. Hink, 131 Okla. 164, 268 P. 282; Amsey v. Amsey, 201 Okla. 261, 204 P. 2d 975.

The judgment, as herein modified, is affirmed.