**In the Matter of the Guardianship of the ESTATE of Robert Roy REID, an Incompetent.**

No. 36875.

Supreme Court of Oklahoma.

Feb. 28, 1956.

O. B. Moody, R. V. Kennemer, Jr., Lindsay, for plaintiff in error.

Haskell Paul, Chas. E. Jackson, Pauls Valley, for defendant in error.

PER CURIAM.

This is an appeal from an order removing appellant as guardian of the estate of Robert Roy Reid, an incompetent.

The record discloses that Robert Roy Reid was adjudged an incompetent in the year 1919. He has at all times since been under guardianship, and is now a patient in a veterans hospital. Appellant was appointed guardian of said estate on June 5, 1947. On June 25, 1954, he filed his seventh annual account of his proceedings as such guardian. On July 1, 1954, Robert Roy Reid, Jr., son and sole heir of said incompetent, filed petition for removal of the guardian and sought to have himself appointed as guardian of the incompetent, generally upon allegations of mismanagement of said estate, and of having an interest adverse to the faithful performance of his duties. On July 2, 1954, Reid, Jr., filed objection to the guardian's annual report. On August 20, 1954, the county court approved the guardian's annual account and started hearing on the petition to remove. Reid, Jr., introduced his evidence and rested. The guardian introduced one witness and the hearing was then continued to September 9, 1954, to permit the guardian to produce other witnesses. On August 26, 1954, at the request of counsel for petitioner, (Reid, Jr.,) for a decision on the petition for removal, the county court rendered its order denying said petition. The orders (1) allowing the guardian's annual account, and (2) denying the petition to remove the guardian were appealed to the district court for trial de novo. The guardian filed motion to dismiss on the grounds that counsel for petitioner procured, consented, acquiesced and recognized the order and judgment of the county court thereby waiving their right of appeal. Order of the district court was entered overruling the motion to dismiss and exceptions saved. After hearing, the court made findings of fact, so far as material here as follows:

"(7) The Court further finds that as to the management of the ward's estate as a whole, in most instances the estate was managed properly, however, the Court finds and believes that one piece of property could have been managed more wisely and prudently than it was, and perhaps that could have been occasioned by the attitude of the tenant occupying said property and perhaps the guardian could not get the co-operation from the tenant that he would have liked to have had."

We are not here concerned with the additional findings of the district court on the trial de novo for the reason that such findings, in the main, dealt with the preferential right of petitioner to be appointed guardian of the estate of his father. Were this an original appointment such would be important. However, something more is required in the removal of a guardian once appointed.

It is generally conceded that the court, in the exercise of a broad discretion, has power to remove the guardian of a mental incompetent, yet, it may not act arbitrarily in this respect. Such power of removal may be exercised only for cause, and, where statutes specify the grounds for removal of a guardian, he may not be removed on any ground other than those set forth by the statutes. See 44 C.J.S., Insane Persons, § 47, page 129.

Thus, the question here presented for our determination: Did the findings of the trial court support the conclusions of law upon which the order removing appellant as guardian of incompetent's estate was predicated?

A careful examination of the record discloses that there is ample evidence tending to show a mismanagement of at least a part of said estate, and to support the court's findings. Therefore, we are of the opinion that the question must be answered in the affirmative. The law is clearly established in Oklahoma that once a guardian has been appointed such guardian can be removed after a finding by the trial court that one of the causes listed in

58 O.S.1951 § 875, exists. In re Guardianship of Chambers, 46 Okl. 139, 148 P. 148.

58 O.S.1951 § 875, provides that:

"When a guardian appointed either by the testator or the county court or judge, becomes insane or otherwise incapable of discharging his trust, or unsuitable therefor, or has wasted or mismanaged the estate, or failed for thirty days to render an account or make a return, the county court may, upon such notice to the guardian as the court may require, remove him and compel him to surrender the estate of the ward to the person found to be lawfully entitled thereto. * * *"

██ On appeal from the county court to the district court, for trial de novo, the district court is vested with jurisdiction to determine all questions of fact and law arising within the issues of fact as made by the pleadings in the county court upon which the cause was tried. Smith v. Bruner's Guardianship, 111 Okl. 93, 238 P. 448.

█ It is apparent from the findings of the trial court as herein stated that there was some mismanagement of the estate and grounds for removal of appellant as guardian of the incompetent. Therefore the findings support the conclusions of law upon which the order removing appellant as guardian was predicated.

█ Appellant further contends that the trial court erred in overruling his motion to dismiss the appeal. He contends that when appellee requested a decision of the county court he procured, consented, acquiesced and recognized the order and judgment of said court and thereby waived his right to appeal from such order and judgment. In support thereof he cites numerous cases all of which lay down the cardinal principle, that an act on the part of a party to an action, whereby he recognizes the validity of a judgment against him, operates as a waiver of his right to prosecute an appeal therefrom, or to bring error to reverse it.

While we recognize the above rule as being the law, we cannot agree that it has any application to the instant case.

The author of 4 C.J.S., Appeal and Error, § 212(a), beginning at page 396, states that:

"A party who voluntarily acquiesces in, ratifies, or recognizes the validity of, a judgment, order, or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, his right to have such judgment, order, or decree reviewed by an appellate court; and this rule has been held to apply where the acquiescence or ratification was either partial or in toto. However, in order to be a bar of the right of appeal on the ground of acquiescence, the judgment or decree must have been rendered and entered, and the acts relied on, as a waiver or estoppel on such ground, must be such as to clearly and unmistakably show an inconsistent course of conduct or an unconditional, voluntary, and absolute acquiescence, with the intent, as has been held, to ratify or confirm the judgment as rendered, and to acquiesce and abandon the right of appeal. * * *"

We therefore conclude that, in order to effect a waiver or estoppel, there must be some intent to enjoy a benefit from, or base some interest on, the judgment appealed from. Here the appellee was fighting in sheer defense of a substantial right at the time of his request that the county court render a decision. An order had already been entered allowing appellant's annual account. This order unappealed from would become final before the court's further hearing on the application to remove the guardian. An appeal therefrom would entail extra expense and multiplicity of appeals if as appellee thought, it was the county court's mind to deny the application for removal and thus necessitate a second appeal. While it may be conceded that a decision of the county court was requested by appellee it does not appear that such decision was acquiesced in, ratified, or consented to, in so far as to its validity, or that appellee ever intended to abandon his right of appeal to the district court for a trial de novo. On the contrary, he excepted

to the judgment and order of the county court and gave notice of appeal. We cannot feel that such protective measures constitute waiver.

Our research has failed to disclose where we have ever passed on the identical question here involved. Other jurisdictions have held that, a waiver is not implied from acts done or measures taken by appellant in defense of and to protect his rights or interests. See Oatman v. Hampton, 43 Idaho 675, 256 P. 529.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED and approved by Commissioners J. W. CRAWFORD and JAMES H. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.