Ida B. MARSHALL, Plaintiff in Error,

v.

H. G. MARSHALL and H. G. Marshall, Inc., Defendants in Error.

No. 38553.

Supreme Court of Oklahoma.

April 11, 1961.

Rehearing Denied Sept. 19, 1961.

Jack L. Spivey, Paul Pugh, Oklahoma City, for plaintiff in error.

Charles Hill Johns, O. A. Cargill, Oklahoma City, for defendants in error.

IRWIN, Justice.

On November 8, 1956, Ida B. Marshall, plaintiff in error, commenced divorce proceedings against H. G. Marshall, defendant in error, and this appeal involves the ownership of an overriding royalty interest which Ida B. Marshall claims as her separate property. The trial court found that the interest was acquired by the joint industry of Ida B. Marshall and H. G. Marshall, during coverture, and in the Decree of Divorce, entered on July 30, 1958, adjudged and decreed that each receive an undivided one-half interest.

After a motion for new trial was overruled, Ida B. Marshall perfected this appeal. No appeal was perfected as to that part of the judgment relating to the divorcement of the parties and the only issue involved is the ownership of the one-half interest awarded to H. G. Marshall. If the overriding royalty interest is the separate property of Ida B. Marshall, the judgment of the trial court must be reversed; if it is not her separate property, the judgment must be affirmed.

So far as pertinent to this appeal, plaintiff alleged that all of the overriding royalty interest, being one-eighth ($\frac{1}{8}$) of the eight-eighths ($\frac{8}{8}$), was her separate property and was not acquired by the joint efforts and industries of the parties, but acquired by gift; that the donor of said interest was Titus Haffa and the date of the gift was January 2, 1952.

The answer of the defendant, H. G. Marshall is in the form of a general denial with specific denial that plaintiff is owner of the overriding royalty interest. By way of cross petition he alleged it is the property of H. G. Marshall, Inc., and plaintiff holds the same in trust for the benefit of the corporation; that she received the assignment from Titus Haffa with full knowledge the same belonged to the corporation.

H. G. Marshall, Inc., was permitted to intervene, and in its petition of intervention alleged that title to the overriding royalty interest is held in the name of plaintiff for the use and benefit of the corporation; that the corporation furnished and paid all money and consideration for the assignment and title was taken in the name of plaintiff for the sake of convenience, and the corporation has at all times reserved the equitable title and beneficial interest therein unto itself.

Plaintiff's reply to the answer of defendant Marshall and her answer to the petition in intervention were both in the form of general denial and specifically denied that either had any right, title or interest, either legal or equitable, in and to said interest; that all the parties were in case No. 36936 on appeal before the Supreme Court and the Supreme Court by its final decree and adjudication held the legal and equitable title to said property to be vested in her; that such judgment operates and constitutes an estoppel by judgment; that both are estopped from changing their positions and asserting ownership of an interest in the property.

Case No. 36936 above referred to is Marshall v. Amos, Okl.1956, 300 P.2d 990, which involved an appeal from a judgment rendered in Cleveland County. In that case a man named Amos had instituted an action in the District Court of Cleveland County in March, 1953, against H. G. Marshall, Ida B. Marshall, H. G. Marshall, Inc., and Titus Haffa, and others, to establish a joint venture between Amos and H. G. Marshall and a constructive trust as to the overriding royalty interest involved in the case at bar, which stood in the name of Ida B. Marshall and had been conveyed to her by Titus

Haffa on January 2, 1952. It seems that Amos had first learned of the mineral interest and he and Marshall had a business arrangement and had hoped to obtain and sell a lease and retain an overriding royalty interest.

The trial court in that action found that fraud had been practiced upon Amos by H. G. Marshall and Ida B. Marshall, whereby Amos had been deprived of an interest in the overriding royalty interest standing in the name of Ida B. Marshall, and ordered them to convey a one-half interest to Amos and also ordered them to account to him for one-half of the sums received from such overriding royalty interest.

On appeal (300 P.2d 990, 996), this Court held the evidence of fraud sufficient to support a constructive trust fell far short of the standards set by numerous decisions of this Court; that there was no evidence that H. G. Marshall had ever acquired any interest in or exercised any control in the interest conveyed to his wife by Haffa in January, 1952, except in doing those things for her that would be expected of a husband for a wife inexperienced in business affairs. The judgment of the trial court was reversed with instructions to render judgment for Ida B. Marshall, H. G. Marshall and H. G. Marshall, Inc.

In the instant action the plaintiff contends that the overriding royalty interest is her separate property, acquired by her in her own right, and must be decreed to her; that defendant is barred from claiming an interest by reason of res adjudicata and estoppel by virtue of this Court's ruling in Marshall v. Amos, supra; that defendant, after successfully maintaining the position in the Marshall v. Amos case that the interest was her separate property cannot maintain an inconsistent position that it was jointly acquired or that he ever acquired an interest therein.

Defendant contends that the overriding royalty interest, although acquired in the name of Ida B. Marshall by conveyance from Titus Haffa, was immediately thereafter completely transmuted into community property by the acts and deeds of Ida B. Marshall; that the appeal should be dismissed because plaintiff has demanded and accepted certain funds held in suspense as benefits of a part of the judgment of the trial court.

Before discussing the merits of the ownership of the overriding royalty interest, it is well to review the different positions taken by defendant and intervener in the present action and that taken in the trial of the Cleveland County case which formed the basis for our holding in Marshall v. Amos, supra. During the trial of the Cleveland County case in 1954, Marshall testified, "I have nothing to do with the gift of Mr. Haffa to my wife," which was an admission that plaintiff not only owned the overriding royalty interest as her separate property when it was given to her as a gift by Haffa in 1952, but that it had remained her separate property. Defendant did not limit his answer or make any exceptions or reservations that he or the corporation had ever obtained any interest in the property in any manner, but was content to rest on the proposition that plaintiff was still the owner of the property free and clear of any interest, legal or equitable, that defendant or intervener might claim.

This Court on appeal, adopted the contentions of H. G. Marshall, for we specifically said, "There is no evidence that H. G. Marshall has ever acquired any interest in or exercised any control in the interest conveyed to his wife except in doing those things that would be expected by a husband for a wife inexperienced in business affairs".

It would appear that when the Marshall v. Amos case was tried in Cleveland County, the defense was that the legal and equitable title to the interest was in Ida B. Marshall, alone, and neither H. G. Marshall nor H. G. Marshall, Inc., had any right, title or interest therein. In the trial of the case at bar, H. G. Marshall and H. G. Marshall, Inc., not only pled but took the position that the equitable interest was in H. G. Marshall, Inc.

Although they did not amend their pleadings and it does not appear that they attempted to show the property was jointly acquired during coverture, the trial court found the interest was acquired by the joint industry of plaintiff and defendant during coverture. On appeal to this Court defendant contends that the overriding royalty interest, although acquired in the name of Ida B. Marshall by conveyance from Titus Haffa, was immediately thereafter completely transmuted into community property by the acts and deeds of Ida B. Marshall.

In Marvin v. Marvin, 46 Cal.App.2d 551, 116 P.2d 151, that court cited with approval Title Insurance & Trust Co. v. Ingersoll, 153 Cal. 1, 94 P. 94, wherein the court had said, "There can be no doubt that a husband and wife may by contract transmute the separate property of either or both into community property. * * * But it is not essential in such a case for the husband to show any express agreement on part of the wife. The gift or change in the status of the property may be shown by the very nature of the transaction or appear from the surrounding circumstances." [46 Cal. App.2d 551, 116 P.2d 154]. In Title Insurance & Trust Co. v. Ingersoll, supra, that court said:

"* * * It may be conceded that the mere acquirement of the possession of a wife's separate property by the husband, and his subsequent management and control of the same, all with her consent, do not show any intent on the part of the wife to make a gift of the property to the husband, or to change its status from separate to community property The presumption in such a case appears to be that the property continues to be the separate property of the wife, and that the husband takes it in trust for his wife. Under such circumstances it devolves on the husband claiming a gift or change in the status of the property to show the same. * * *" [153 Cal. 1, 94 P. 95].

The record does not disclose any evidence that there was ever any agreement, either written or oral, that the overriding royalty interest would be considered either jointly acquired or jointly owned property. The evidence does not disclose that she ever sold or transferred or agreed to sell or transfer the interest or any part thereof or that she was not the legal owner of all the interest. Assuming, but not deciding, that separate property can be transmuted into community property, the burden of proving that the overriding royalty interest was transmuted into community property devolved upon the defendant. Therefore, we must now determine if there is sufficient evidence to sustain defendant's burden of proof that the interest in controversy was transmuted from the separate property of the plaintiff to community property.

In this connection defendant contends that plaintiff placed the interest under his sole supervision, management and control and that he also was in control of and supervised the income from the overriding interest. It developed during the trial that defendant had an independent agreement with Haffa to look after the lease and supervise the drilling of the wells, handling of the lease and production; that when Haffa had been reimbursed for all money spent in the acquisition and development, he (Marshall) was to have an undivided one-half interest therein; that a dispute between Haffa and defendant resulted in a law suit which was settled January 19, 1956, by Haffa paying Marshall as an individual or as managing officer of the intervener the sum of $50,000 for such interest in the lease. Defendant testified he used this money in his business.

However, the record is silent as to any supervision, management or control of the overriding royalty interest involved. All money accruing from this interest was deposited in the account of plaintiff and all checks issued against the account were signed by plaintiff. At no time did the defendant ever sign, nor is it shown that he had authority to draw a check against the account. There is no showing that defendant ever purchased for himself, the corporation, or for the plaintiff, any oil or gas

lease or minerals which was paid from this account. There is no showing that any of the funds in the account were used for the support or upkeep of the family or for the purchase of anything for their joint use. The record does show Haffa deposited approximately $100,000 in the account which was drawn out on the order of the plaintiff to pay for minerals and leases purchased by Haffa and for his drilling operations.

■ . This is an action of equitable cognizance and the judgment of the trial court will not be set aside unless clearly against the weight of the evidence. Honeywell v. Honeywell, Okl., 344 P.2d 589. However, this Court will weigh the evidence, and if the judgment of the trial court is against the weight of the evidence, it will render or cause to be rendered the judgment which should have been rendered. Champion v. Champion, 203 Okl. 105, 218 P.2d 354.

■ We have examined and weighed the evidence and can only conclude and hold that the findings by the trial court that the overriding royalty interest here involved was acquired by the joint industry of Ida B. Marshall and H. G. Marshall, during their coverture, is against the clear weight of the evidence, and assuming, but not deciding that separate property can be transmuted into community property, we hold that the interest in controversy was not transmuted into community property as contended by the defendant.

We will now consider defendant's contention that the appeal should be dismissed because plaintiff demanded and accepted certain funds held in suspense as the benefits of a part of the judgment appealed from. The funds accepted by plaintiff were those held by the purchaser of the oil pendente lite which the trial court decreed to be her property.

In this connection, the judgment of the trial court denied the intervener, H. G. Marshall, Inc., any right in and to the overriding royalty interest and the intervener did not file a motion for a new trial but allowed the judgment to become final. The defendant does not contend here that he is entitled to more than one-half of the overriding royalty interest as his share of jointly acquired property, thereby admitting the plaintiff is entitled to one-half thereof, and which has been received by her. No cross appeal was filed by the defendant and by reason thereof, his interest in the property, if any, cannot be increased, nor can the interest of the plaintiff be decreased. She accepted only that to which she was entitled under any theory. The ownership of the one-half interest awarded to her is not at issue, only the one-half interest awarded to defendant.

■ It is conceded that the general rule is, that a litigant who has voluntarily and with knowledge of all material facts, accepted the benefits of an order, decree or judgment of a court, cannot thereafter take or prosecute an appeal to reverse it. However, there is an exception to this general rule where the reversal of that part of the judgment appealed from cannot possibly affect the appellant's rights to the benefits secured or vested under that part of the judgment which was allowed to become final. See 2 Am.Jur. Sec. 215, p. 977; In re Fife's Estate, 154 Okl. 7, 6 P.2d 821; and In re Reid's Estate, Okl., 294 P.2d 544.

■ Inasmuch as any judgment rendered by this Court would not, in any respect, affect the rights of any of the litigants to the funds accepted by the plaintiff, we can only conclude and do hold that the plaintiff, in accepting the income from the one-half royalty interest awarded to her does not preclude her from prosecuting her appeal herein to determine the ownership of the one-half interest awarded to defendant.

The judgment of the trial court is reversed and remanded with directions to the trial court to vacate that portion of the judgment awarding the defendant an interest in the overriding royalty interest involved herein and the money now held by Sinclair Crude Oil Company as pipe line purchaser of oil and/or gas produced and saved from said overriding royalty interest. The trial court is further directed to enter

judgment in favor of the plaintiff awarding to her the said overriding royalty interest and the money now held by Sinclair Crude Oil Company as pipe line purchaser of oil and/or gas produced and saved from said overriding royalty interest.

Reversed and remanded with directions.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON and BERRY, JJ., concur.

WELCH and JOHNSON, JJ., dissent.