**Glenn E. BRAS, Appellant,**

v.

**Vinita M. GIBSON, Individually, Vinita M. Gibson, Executrix of the Estate of O. D. Bras, a/k/a Orlando Bras, Earl Walker, Partners doing business under firm name of Liberty Oil Company, et al., Appellees.**

**No. 47411.**

Supreme Court of Oklahoma.

Nov. 26, 1974.

Douglas Althoff, Althoff, Ernest & Millstead, Norman, Clyde J. Watts, Watts, Looney, Nichols & Johnson, Oklahoma City, for appellant.

Wilbert G. Smith, Oklahoma City, for appellee, Vinita M. Gibson, Individually, Vinita M. Gibson, Executrix of Estate of O. D. Bras.

Jack D. Pointer, Jr., Falkenstein & Pointer, Oklahoma City, for appellee, Earl Walker.

LAVENDER, Justice.

Liberty Oil Company was a partnership composed of O. D. Bras, Earl Walker, Vinita M. Gibson and Glenn E. Bras. O. D. Bras died. An action was brought by the deceased partner's executrix, Vinita M. Gibson, to dissolve and wind up the partnership. February 5, 1974, the trial court

ordered the partnership assets sold. Two of the partners bid on that sale. Glenn E. Bras (Bras) was the high bidder. Earl Walker (Walker) was the other partner bidding. On motion by Walker the court found Bras in default on his bid. The court confirmed the lower bid of Walker's over Bras' objection March 11, 1974. By the trial court's order of May 14, 1974, the proceeds of sale were distributed under the partnership interest as therein determined. Upon receiving by mail a county voucher for this distributed share, the objecting partner Bras endorsed and cashed the voucher. That endorsement stated:

"This check cashed under protest and duress. Sale and distribution is on appeal. Supreme Court, State of Oklahoma. Vera N. Parsons and * * * (the District Judge) declared my $327,000.00 bid in default and awarded sale and distribution to Earl Walker for the low bid of $251,000.00.

s/ Glenn E. Bras"

Bras filed his petition in error in this court April 10, 1974. Thereafter, Walker filed his motion to dismiss that appeal. That motion to dismiss is now before this court.

In argument before this court Vinita M. Gibson (Gibson), both individually and as Executrix of the Estate of O. D. Bras, maintained the same position as that of movant, Walker. By stipulation of the parties three items were before this court to be considered with the motion. They were (1) the trial court's order of distribution, dated May 14, 1974; (2) an accounting exhibit as to proceeds of the confirmed sale, expenses and distribution to entities as to percentage and amounts; and (3) copy of county voucher cashed by Bras with his endorsement containing his protest.

The motion to dismiss the appeal and arguments of Walker and Gibson presents only one issue of merit. By acceptance of his distributive share, can Bras maintain his appeal on the merits? We do not believe so.

Contrary to the statement in the endorsement, the acceptance of the distributive share by the cashing of the county voucher was purely voluntary upon the part of Bras. He had a choice. Cash the voucher or return it. He chose to cash it. Bras voluntarily accepted the benefits accruing to him under the trial court's orders which he sought to upset on appeal.

In Ingram v. Groves, 84 Okl. 159, 202 P. 1019 (1922), a syllabus by the Court said:

"A party to an action who voluntarily accepts from his adversary the benefits accruing to him under a judgment cannot question the validity of such judgment in this court on appeal, and thus deny the rights flowing to such adversary under said judgment."

Ingram, supra, was an appeal of a judgment cancelling a land lease for $71. Ingram accepted the $71 and contended he was entitled to the money in any event and by acceptance had not acquiesced in the judgment.

A party by accepting the benefits of the part of the judgment favorable to it waives the right of appeal as to another part of the judgment of which it complains. Pickering Lumber Co. v. Harris, 140 Okl. 303, 283 P. 563 (1929). There the lumber company secured a money judgment. That judgment was vacated by the trial court but the defendants were ordered to pay costs. Plaintiff accepted from the cost paid into court by the defendants an amount to reimburse it for bringing a witness from out of town. Plaintiff appealed judgment. This court dismissed the appeal on motion by defendant in error.

In re Reid's Estate, Okl., 294 P.2d 544 (1956) did not allow a waiver to be implied from acts by appellant in defense of or to protect his rights or interest.

Bras needed only to appeal the trial court's actions to protect his interest. His act in cashing the voucher was voluntary and for his benefit. That act was not done in defense of and to protect his

rights. As to the trial court's orders, Bras could do nothing more than object and appeal. As to the voucher, Bras could accept or refuse. This was his choice.

Bras argues the language in the endorsement saves his appeal. We do not agree. He did two inconsistent acts. He accepted the fruits of the judgment, but also sought to repudiate the judgment. Bras would accept the benefits accruing to him under the judgment but would deny the rights flowing to his adversary under the judgment. He cannot "have his cake and eat it too." He cannot save his cake by protesting the flavor and at the same time eating it. This would not be fair or just.

We hold Bras cannot accept the fruits of the trial court's order that accrue to him and at the same time maintain an appeal from all or parts of the order not to his benefit.

Appeal dismissed.

All of the Justices concur.