**YUKON NATIONAL BANK, a corporation, Appellee,**

v.

**MODERN BUILDERS SUPPLY, INC., Appellant.**

**No. 59,787.**

Court of Appeals of Oklahoma, Division No. 1.

June 19, 1984.

Released for Publication by Order of the Court of Appeals, July 30, 1984.

Ramey & Miller by Fenton R. Ramey, Yukon, for appellee.

Fulkerson, Morris, Smethers & Bond by Ronald D. Fulkerson, Oklahoma City, for appellant.

REYNOLDS, Judge.

Judgment of trial court held Yukon National Bank could stop payment on cashier's checks issued by the bank. Modern Builders Supply appeals.

On December 29, 1978, Almada Homes, Inc. wrote two checks to Modern Builders Supply [Builders] totaling $4,198.53. Almada was experiencing financial difficulties. On February 19, 1979, Builders requested Yukon National Bank to issue cashier's checks for Almada's business checks. Bank examined Almada's account and issued two cashier's checks totaling $4,198.53. That afternoon, Bank informed Builders it would not honor the cashier's checks. Yukon National Bank stopped payment on the checks when they were presented for payment on February 22, 1979.

Yukon National Bank sought declaratory judgment to determine the validity of the bank's action. Trial was held on October 23, 1979. Trial court found Builders knew the bank was going to stop payment on the cashier's checks and reasoned Builders should have filed liens against Almada's homes rather than rely on the checks. Trial court entered judgment for Yukon National Bank and ordered Bank to pay Builders $874.09, the amount Builders had reimbursed Almada and Yukon National for overpayment of Almada's account.

■ Yukon National urges appeal should be dismissed because Builders accepted the $874.09 under the judgment of the trial court. We are persuaded Builders accepted only that to which it was entitled under any theory. *Marshall v. Marshall*, 364 P.2d 891 (Okl.1961). Our Supreme Court in *Marshall* held that an appeal may be taken "where the reversal of that part of the judgment appealed from cannot possibly affect appellant's rights to the benefits secured or vested under that part of the judgment which was allowed to become final." *Id.* at 895. Whether or not Builders prevails on appeal, they will in either event retain the $874.09 accepted under the judgment.

■ Builders urges trial court erred as a matter of law in holding that a bank may stop payment on a cashier's check. We agree. Under 12A O.S. 1981 § 4–303(1)(a), a stop payment comes too late if the bank has accepted the item. "Acceptance is the drawee's signed engagement to honor the draft as presented.... It becomes operative when completed by delivery or notification." 12A O.S. 1981 § 3–410(1). Yukon National's signed engagement to honor the drafts was given in the act of issuance. It became operative when delivery was made to Builders. Thus, the cashier's checks were accepted by Yukon National in advance of presentment for payment.

■ The Texas Supreme Court, in *Wertz v. Richardson Heights Bank & Trust*, 495 S.W.2d 572 (Tex.1973), held that a bank could not stop payment on its cashier's check once it had been issued. In *Wertz*, plaintiff received the personal check of Baker for payment of a debt. This check was drawn on defendant Richardson Heights Bank. Before plaintiff presented Baker's personal check to defendant bank, Baker stopped payment on it. When plaintiff requested the bank to issue a cashier's check in place of Baker's personal check, the bank did so. Shortly thereafter, the bank informed plaintiff the cashier's check would not be honored. The Court reasoned:

A cashier's check is defined as a bill of exchange drawn by a bank upon itself .... As such, the bank's liability on the check is governed by the Uniform Commercial Code.... Under the code the bank's issuance of the check, which by definition is also acceptance, constituted

an agreement by the bank to honor the check as presented. The rule may thus be stated that a cashier's check is accepted for payment when issued.

Under the provision of [section 4–303], a stop order, whether or not effective under other rules of law to terminate or suspend the bank's right or duty to pay an item, comes too late to terminate or suspend such right or duty if it is received after the bank has accepted or certified the item. Since a cashier's check is accepted when issued, Sec. 4–303, *supra*, has the effect of preventing a ... stop payment on a cashier's check once it has been issued.

*Id.* at 574 [citations omitted]. We hold Yukon National Bank had no right to stop payment on cashier's checks issued to Builders.

This case is remanded to the trial court for entry of a judgment for Modern Builders Supply, Inc. in the amount of the cashier's checks less $874.09, plus interest at the statutory rate from the date of such judgment until paid.

REVERSED AND REMANDED.

YOUNG, P.J., and ROBINSON, J., concur.