OSCN Found Document:HAMM v. HAMM

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HAMM v. HAMM
2015 OK 27
Case Number: 113451
Decided: 04/28/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 27, __ P.3d __

 

IN RE THE MARRIAGE OF:

SUE ANN HAMM, Petitioner/Appellant,
v.
HAROLD HAMM, Respondent/Appellee.

MEMORANDUM OPINION

PER CURIAM:

¶1 Sue Ann Hamm[1] (Petitioner) filed for divorce from her husband, Harold Hamm (Respondent), on May 18, 2012, in Oklahoma County District Court. On November 10, 2014, the district court entered its divorce decree, awarding Petitioner three pieces of real property and the properties' contents; Petitioner's Continental Resources, Inc. 401K; certain bank accounts; a note from Olan Arnall; and property-division alimony in the amount of $995,481,842.00, minus the $22,750,000.00 from interim distributions while the divorce was pending. The district court ordered Respondent to convey all property within five days of the order and pay a designated portion of the property-division alimony by the last day of 2014, then $7,000,000.00 per month, plus accrued interest, until Petitioner received the entire awarded sum. Instead, by January 5, 2015, Respondent had conveyed all court-ordered marital assets to Petitioner, including a check for the entire sum of the property-division alimony. Petitioner deposited the check and took possession of the marital property awarded to her soon after.

¶2 Petitioner appealed the district court's order on December 5, 2014. Respondent counter-appealed, filing his amended counter-petition in error on December 16, 2014. Nearly one month later, Respondent filed a motion to dismiss (mere days after Petitioner deposited the check and took possession of the court-ordered marital property). We now turn to Respondent's motion to dismiss before us.

¶3 Our analysis must begin with the general black-letter rule of law applicable here: "A party to an action who voluntarily accepts from [her] adversary the benefits accruing to [her] under a judgment cannot question the validity of such [j]udgment in this court on appeal, and thus deny the rights flowing to such adversary under said judgment." Ingram v. Groves, 1921 OK 380, ¶ 0, 202 P. 1019, 1019 (Syllabus by the Court 1); see Bras v. Gibson, 1974 OK 148, ¶ 5, 529 P.2d 982, 983. The record before us compels us to conclude that Petitioner voluntarily accepted the benefits of the judgment. Despite Petitioner's argument to the contrary, she chose not to proceed with the district court's hearing on alimony pendente lite, instead depositing the check and taking possession of the court-ordered marital property. While an evidentiary hearing for alimony pendente lite may be intrusive,[2] such a hearing does not rise to the level of coercion necessary for Petitioner's argument that her decision to accept the benefits of the judgment was involuntary. Petitioner could have refused to accept the judgment and proceeded with the hearing, thereby maintaining her right to appeal.

¶4 Petitioner relies on two exceptions to the general rule that accepting the benefits of the judgment waives a party's right to appeal. The first, identified in Stokes v. Stokes, 1987 OK 56, 738 P.2d 1346, allows an appeal to proceed despite a party accepting the benefits of the judgment when the judgment accepted "is necessary for the support and maintenance of the receiving spouse and minor children." Id. ¶ 3, 738 P.2d at 1347. Petitioner is correct that the Stokes exception must flow from enlightened public policy, but fails to recognize the exception is a narrow one; it applies to situations when a spouse "must choose between food and the right to appeal." Id. We are not presented with that factual scenario here, and the exception does not apply.

¶5 The second exception identified by the Court applies if the judgment-accepting party's appeal may result in a more favorable judgment but has no risk of a less favorable one. United Engines, Inc. v. McConnell Constr., Inc., 1980 OK 139, ¶ 14, 641 P.2d 1101, 1104. If the reversal of the judgment appealed from "cannot possibly affect the appellant's rights to the benefits secured or vested under the part of the judgment which was allowed to become final," a party has not waived his or her right to appeal by accepting the benefits of the judgment. Id. ¶ 15, 641 P.2d at 1105 (quoting Marshall v. Marshall, 1961 OK 86, ¶ 23, 364 P.2d 891, 895). Petitioner admits that there is a risk, albeit small, that her award may be reduced on appeal. The no-risk exception means no risk, not negligible risk. The second exception does not apply.

¶6 Respondent conveyed to Petitioner all court-ordered marital property. Petitioner took possession or title of the real property and deposited the check for property-division alimony. The parties acceded to the district court judgment and now have the benefits flowing from that judgment. The judgment is now satisfied. Respondent's motion to dismiss Petitioner's appeal is hereby granted.

Concur: Reif, C.J., and Kauger, Winchester, Taylor, and Colbert, J.J.

Concur Specially: Combs, V.C.J. (by separate writing with whom Winchester, J. joins), and Watt, J. (by separate writing).

Dissent: Edmondson, J., and Gurich, J. (by separate writing with whom Edmondson, J. joins).

FOOTNOTES

[1] Appellant Sue Ann Hamm's name was restored to her maiden name, Sue Ann Arnell, by the district court in its November 10, 2014 Decree of Divorce and Dissolution of Marriage. We will refer to the Petitioner by the name used in her filings before this Court.

[2] Intrusiveness is the basis for Petitioner's argument that she had no other option but to take the sum tendered by Respondent on January 5, 2015.

 

 

COMBS, V.C.J., with whom WINCHESTER, J., joins, concurring specially:

¶1 While I agree with the majority's decision that Petitioner's appeal should be dismissed, I write separately to emphasize the problems inherent in dismissing Petitioner's appeal while allowing Respondent's own appeal to proceed. The majority applies what has long been the general rule in Oklahoma: a party to an action who voluntarily accepts the benefits of a judgment waives the right to appeal. Adams v. Unterkircher, 1985 OK 96, ¶7, 714 P.2d 193; United Engines, Inc. v. McConnell Const., Inc., 1980 OK 139, ¶14, 641 P.2d 1101. As this Court pointed out in McMillian v. Holcomb, the appellate doctrine of barring an appeal due to accepting the benefits of a judgment is a type of estoppel born in equity. 1995 OK 117, ¶17, 907 P.2d 1034; Associated Classroom Teachers of Oklahoma City, Inc. v. Bd. of Ed. of Indep. School Dist. No. 89 of Oklahoma County, 1978 OK 35, ¶¶13-18, 576 P.2d 1157.

¶2 Historically, this rule also applied to a party paying or complying with a judgment. However, in Grand River Dam Authority v. Eaton, this Court altered the rule, determining:

[w]e now reject any rule that we have previously espoused that would require dismissal of an appeal merely on the basis that a judgment debtor pays a final and appealable judgment that could subject his property to execution and ultimate sale. Our rejection applies whether or not execution has issued..

unless the payment of a final judgment by a judgment debtor is shown to be made with the intent to compromise or settle the matter and, thus, to abandon the right to appeal or the payment in some way, not involved here, makes relief impossible in case of reversal, the payment will not be deemed to either waive the right to appeal or moot the controversy.

1990 OK 133, ¶14, 803 P.2d 705.

¶3 However, this Court later clarified the rule set out in Grand River Dam Authority and highlighted the importance of involuntary payment of the judgment as a necessary element to preserve the right to appeal. In Stites v. DUIT Constr. Co., this Court noted:

Oklahoma's jurisprudence holds that a voluntarily satisfied judgment moots both an appeal that is lodged against it and all nisi prius vacation process. This is so because any errors in its entry become hypothetical or academic and hence no longer available for the exercise of judicial cognizance. Within the meaning of this rule, loss of jurisdiction takes place because nothing else remains to be done in the cause before the court. This is not to say that the trial court automatically loses cognizance after release and satisfaction is filed. Its jurisdiction continues over fraudulent releases of judgment or over post-satisfaction disputes about the legitimacy of satisfaction. In short, the ultimate power to determine (at the post-satisfaction stage) whether a judgment has been voluntarily satisfied rests in the trial court. Coerced satisfaction of judgment through garnishment process (as in this case) raises no bar to (a) a timely attack upon the judgment, (b) its vacation, on timely motion or petition upon tenable legal grounds, or (c) the restitution of funds paid towards its satisfaction.

1995 OK 69, ¶15, 903 P.2d 293 (internal footnotes omitted) (emphasis added).

¶4 This cause involved no garnishment proceedings, such as those in Stites. Nor did this cause involve any threat of execution. Instead, Respondent conveyed all court-ordered alimony in lieu of property to the Petitioner considerably earlier than the trial court required. It is fundamentally unfair to bar Petitioner from proceeding with her appeal challenging the trial court's property division because she accepted the benefits of it, while allowing Respondent to proceed in his own appeal attacking the property division when he satisfied the judgment voluntarily and arguably, as "bait".

¶5 Respondent's counter-appeal seeks review of all the trial court's rulings, including its division of marital assets. An appellate court will not disturb the trial court's property division absent a finding of abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence. Colclasure v. Colclasure, 2012 OK 97, ¶16, 295 P.3d 1123; Teel v. Teel, 1988 OK 151, ¶7, 766 P.2d 994. Respondent's necessary assertion in his counter-appeal that the award is either an abuse of discretion or contrary to the weight of the evidence is somewhat at odds with his assertion that the award is fair and equitable as to Petitioner. Respondent is seeking to dismiss Petitioner's challenge to the very same property division that he in turn is challenging.

¶6 Respondent voluntarily complied with the trial court's division, without any threat of coercion, and as the majority correctly states: "[t]he parties acceded to the district court judgment and now have the benefits flowing from that judgment. The judgment is now satisfied." Memorandum Opinion, ¶6. If Petitioner's appeal is to be dismissed because she accepted the benefits of the trial court's division, Respondent's counter appeal should be dismissed as well.[1]

FOOTNOTES

[1] It must be noted that at this point Respondent's counter appeal is not the subject of any pending motion to dismiss.

 

 

WATT, J., concurring specially:

¶1 I remain a concurree to the memorandum opinion notwithstanding the positions articulated in the dissent and the views expressed in the special writing by the Vice Chief Justice.

¶2 The "acceptance of benefit doctrine" has long been a part of our jurisprudence for many decades and I see no reason to depart from it now.

¶3 The appellant, in negotiating appellee's check made payable to her for slightly under ONE BILLION DOLLARS, gave to the appellant everything the trial court ordered that she receive.

¶4 This domestic relations case is unlike any other in this jurisdiction that I have seen in over 40 years as a former trial lawyer and trial court judge.

¶5 Good lawyering is essential in these unique cases and both parties have been represented by outstanding and very talented legal counsel.

¶6 While it may be technically and procedurally true that today's dismissal of appellant's appeal leaves appellee's counter-appeal pending. However, from a practical standpoint and because each party now possesses all that was awarded to them respectively by the trial court, it is my belief that appellee's counter-appeal will "GO AWAY" by whatever procedure appellee's counsel may take.

¶7 I have not in the past nor will I do so in this case, attempt to substitute my judgment for that of the trial court who was in the best position to enter judgment in this case.

¶8 The parties hereto have spent millions in dissolving this marital relationship and resolving an equitable division of the marital estate. The appellee by paying almost one billion dollars to the appellant and her acceptance and negotiation of it, have obviated the necessity of each party paying millions more to proceed further with an appeal.

 

 

GURICH, J., with whom EDMONDSON, J., joins dissenting:

¶1 I must respectfully dissent from this Court's decision to summarily dismiss the above-captioned appeal filed by Appellant, Sue Ann Hamm. The majority has chosen to dismiss the Wife's Petition in Error while leaving intact Appellee Harold Hamm's Counter Petition in Error. The majority reasons that Wife's acceptance of payment from Husband pursuant to the underlying divorce judgment resulted in a waiver of her right to proceed with appellate review. Resolution of this issue in the pre-decisional stage of appellate proceedings is inequitable and contrary to current notions of domestic relations law. Rigid application of the acceptance of benefits rule is no longer consistent with fundamental jurisprudence in marital dissolution appeals. Vesting one party with total control of all marital property throughout trial and appellate proceedings to the detriment of the other spouse is unjustifiable. Under the majority's logic, there is no problem with Husband enjoying his share of the marital estate; however, the majority concludes Wife cannot maintain control of the marital property she was awarded -- such a result is unacceptable. At a minimum, I would consider the motion simultaneously with the merits of the case, after this Court has received the entire record and after briefing has been completed.[1]

Divorce Cases Are Distinguishable From Ordinary Civil Judgments

¶2 The majority suggests that Wife "could have refused to accept the judgment . . . thereby maintaining her right to appeal." In other words, Wife's only option was to reject the tendered check and to allow Husband absolute and unfettered control over their marital property during the pendency of what would be a lengthy appeal.[2] As Wife points out in her response to the motion to dismiss, acceptance of the check was done solely to protect her rights in the marital estate and was not intended to relinquish her right to appeal. We have held that the waiver rule will not stand to defeat an appeal by one attempting to protect his or her property and rights thereto. Robert L. Wheeler, Inc. v. Scott, 1991 OK 95, ¶ 7, 818 P.2d 475, 478 (noting that "acts done in defense of or to protect one's rights may not constitute a waiver of a party's right to appeal under the acceptance-of-benefits doctrine. . . .[A] party must intend to relinquish a known right, either expressly or by such conduct as warrants an inference of such a relinquishment").

¶3 Bright line application of the acceptance of benefits rule to divorce judgments is fundamentally flawed. Unlike an award pursuant to a contractual obligation or judgment incidental to a personal injury, a divorce decree divides joint assets -- assets in which Wife had an existing ownership prior to the judgment.[3] Allowing one party to maintain absolute control of all marital assets during the pendency of an appeal, to the detriment of the other spouse, is a draconian approach to divorce law comparable to the manner cases were resolved in centuries past.

¶4 Domestic relations cases are unique. Unlike most other civil judgments, the dissolution of a marriage is generally effective when pronounced. See 12 O.S. 2011 § 696.2(E). Moreover, the stay and supersedeas provisions of 12 O.S. 2011 § 990.4 are inapplicable to matrimonial appeals. Section 990.4(C) affords the trial and appellate courts with concurrent jurisdiction during the pendency of an appeal to enter such orders as are necessary to preserve the marital estate:

Subsections A and B of this section shall not apply in actions involving temporary or permanent injunctions, actions for divorce, separate maintenance, annulment, paternity, custody, adoption, or termination of parental rights, or in juvenile matters, postdecree matrimonial proceedings or habeas corpus proceedings. The trial or appellate court, in its discretion, may stay the enforcement of any provision in a judgment, decree or final order in any of the types of actions or proceedings listed in this subsection during the pendency of the appeal or while any posttrial motion is pending upon such terms as to bond or otherwise as it considers proper for the security of the rights of the parties. If a temporary or permanent injunction is denied or dissolved, the trial or appellate court, in its discretion, may restore or grant an injunction during the pendency of the appeal and while any posttrial motions are pending upon such terms as to bond or otherwise as it considers proper for the security of the rights of the parties.

12 O.S.2011 § 990.4(C) (emphasis added). The purpose behind the highlighted text is to afford trial and appellate courts with the ability to fashion specialized orders as needed to protect marital assets during an appeal, taking into consideration the particular facts and circumstances in each case.

¶5 Other jurisdictions have expressly abrogated the acceptance of benefits rule in marital dissolution appeals. The State of Florida has adopted a rule which eliminates the principle of waiver in matrimonial appeals. Specifically, Rule 9.600 of the Florida Rules of Appellate Procedure reads in relevant part:

(c) Family Law Matters. In family law matters:
. . .

(2) The receipt, payment, or transfer of funds or property under an order in a family law matter shall not prejudice the rights of appeal of any party. The lower tribunal shall have the jurisdiction to impose, modify, or dissolve conditions upon the receipt or payment of such awards in order to protect the interests of the parties during the appeal. (emphasis added).

See also, Grant v. Wester, 679 So.2d 1301, 1305 (Fla. Dist. Ct. App. 1996) (recognizing that the acceptance of benefits doctrine has been abolished in Florida dissolution of marriage actions). Similarly, Rule 2.5, Rules of Appellate Procedure for the State of Washington provide in part:

(b) Acceptance of Benefits.

(1) Generally. A party may accept the benefits of a trial court decision without losing the right to obtain review of that decision only. . .(iv) if the decision is one which divides property in connection with a dissolution of marriage, a legal separation, a declaration of invalidity of marriage, or the dissolution of a meretricious relationship. (emphasis added).

See also Sheetz v. Sheetz, 509 N.E.2d 840, 848 (Ind. Ct. App. 1987) (superseded by rule on other grounds) ("Likewise, [Wife's] acceptance of the family residence, a lake house, and cash distribution for the property division do not estop her from attacking the judgment. . . . [Wife], however, is not prevented from appealing a judgment merely because she has accepted some benefits of the judgment. If she loses, she is required to restore any benefits accepted, together with interest and/or damages.").

¶6 With the authority bestowed by 12 O.S.2011 § 990.4(C), a more suitable approach would be for this Court to enter an order restricting both parties from wasting marital property and directing the trial court to implement security measures to ensure the efficacy of such a ruling. Such a result would be far more appropriate and equitable than outright dismissal. Instead, the majority has chosen to take a hardline and rigid approach in hastily dismissing Wife's appeal. It is inequitable to dismiss Wife's appeal while allowing Husband's appeal to go forward. No doubt Husband is enjoying the fruits of the trial court's judgment as much or more so than Wife. Forcing parties to leave property commingled and titled jointly during an appeal could also create discord if one party should die during the pendency of an appeal.

Wife Did Not Intentionally Relinquish Her Right of Appeal

¶7 To reach the result today, the majority has applied the archaic "acceptance of benefits rule." Under this aged doctrine, one who voluntarily accepts payment of a judgment waives his or her right to appeal. See Yates v. Yates, 1916 OK 772, ¶ 2, 159 P. 1107. Rooted in principles of waiver and estoppel, the acceptance of benefits rule requires an intent to relinquish the right to appeal, and has been rejected by this Court when a party is merely seeking to protect his or her interests. In re Reid's Estate, 1956 OK 64, ¶¶ 13-14, 294 P.2d 544, 547-548.[4] Wife attempted to prevent application of the waiver rule by presenting her concerns to the trial court in a hearing on January 6, 2015. As explained in her response to the motion to dismiss, there was never any intent to abandon her right to appeal.[5] During the January hearing, the trial judge gave Wife the option of cashing the property division check; however, the only caveat was that she would have to place it in a joint account with Husband.[6] Curiously, the same requirement was not imposed by the trial judge on Husband's share of the marital estate.

¶8 When delivering the check to Wife, Husband specifically reserved his right of appellate review, even referencing the Grand River Dam Auth. v. Eaton, 1990 OK 133, ¶ 14, 803 P.2d 705, 709 decision in his Notice of Respondent's Tender of Property Division Alimony.[7] It is disconcerting that a judgment debtor has the ability to pay his creditor in accordance with a judgment and preserve his right of appeal; yet the converse is not acceptable to this Court. In fact, Husband specifically made the property division payment in toto for his own benefit -- to stop the accumulation of interest. To allow Husband's appeal to proceed while dismissing Wife's appeal under these circumstances is arbitrary and an unequal application of the law.

Conclusion

¶9 Because the property at issue is marital, it is unreasonable to condone one party's ability to control all joint assets throughout the appellate process. I believe justice demands both appeals be heard on their merits. Additionally, I would utilize the authority in 12 O.S. 2011 § 990.4(C), and issue an order directing the trial court to place appropriate restrictions on the parties' marital property during the pendency of this case.

FOOTNOTES

[1] Our decision in this matter is based solely on the motion to dismiss and the response in opposition. We have not received the original trial record, which under Oklahoma Supreme Court Rules is not yet due to be completed. Okla. Sup. Ct. R. 1.28 and 1.34. Initially filed in May 2012, the parties' divorce litigation was pending in the trial court for more than two and a half years. The trial itself lasted approximately two months.

[2] As noted, Husband has been in total control of the parties' joint assets since the filing of the divorce case in May 2012. Given the sheer magnitude of this case, an appeal could realistically take two more years to complete. Although Wife could have asked for alimony pendente lite during the pendency of the appeal, she should not be required to concede full control over the marital estate to Husband.

[3] As we have recognized in prior decisions, complete severance of marital property interests is necessary to avoid potential conflicts and is an essential objective in divorce proceedings. Champion v. Champion, 1950 OK 81, ¶ 10, 218 P.2d 354, 356.

[4] Rejecting the waiver doctrine to dismiss an appeal, this Court in Reid's Estate, ¶¶ 13-14, explained:

We therefore conclude that, in order to effect a waiver or estoppel, there must be some intent to enjoy a benefit from, or base some interest on, the judgment appealed from. . . On the contrary, he excepted to the judgment and order of the county court and gave notice of appeal. We cannot feel that such protective measures constitute waiver.

. . .

Our research has failed to disclose where we have ever passed on the identical question here involved. Other jurisdictions have held that, a waiver is not implied from acts done or measures taken by appellant in defense of and to protect his rights or interests.

[5] "I will not dismiss my appeal and do not feel that my right to appeal should be denied because I have accepted, in the interim, a small portion of the estate that we built over more than two decades. I want to allow the Oklahoma Supreme Court to speak to the issue of acceptance of benefits, and to the important issues raised by the trial court's judgment -- including the inequity of that ruling. It is my hope that the Court will determine that the acceptance of benefits rule has no place in matters of this nature, because to hold otherwise would allow, in every case, the spouse who has "control" over marital property to utilize it to the exclusion of the other spouse, potentially for years. In my case, including the time when this case was pending, that could amount to as much as 7 years." Husband's Supplement to Motion to Dismiss Appeal, Exhibit A-1 (emphasis added).

[6] Husband's Motion to Dismiss, Exhibit A-2.

[7] Along with the check, Husband provided a self-serving notice which read:

Respondent, Harold Hamm, subject to his express reservation of his right to appeal and with intent to compromise or settle, hereby submits his Notice to the Court of his tender to the Petitioner of the full amount of alimony in lieu of property division and interest due under the terms of this Court's Decree of Divorce and Dissolution of Marriage.

Footnoted in the Notice was a citation to Grand River Dam Authority v. Eaton, 1990 OK 133, ¶ 14, 803 P.2d 705, 709. The cited paragraph reads in part:

We therefore hold that unless the payment of a final judgment by a judgment debtor is shown to be made with the intent to compromise or settle the matter and, thus, to abandon the right to appeal or the payment in some way, not involved here, makes relief impossible in case of reversal, the payment will not be deemed to either waive the right to appeal or moot the controversy. (footnote omitted).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 56, 738 P.2d 1346, 58 OBJ 1908, Stokes v. Stokes
Discussed
 1988 OK 151, 766 P.2d 994, 60 OBJ 17, Teel v. Teel
Discussed
 1990 OK 133, 803 P.2d 705, 62 OBJ 44, Grand River Dam Authority v. Eaton
Discussed at Length
 1991 OK 95, 818 P.2d 475, 62 OBJ 2882, Robert L. Wheeler, Inc. v. Scott
Discussed
 1916 OK 772, 159 P. 1107, 60 Okla. 217, YATES v. YATES
Discussed
 1956 OK 64, 294 P.2d 544, IN RE REID'S ESTATE
Discussed
 1961 OK 86, 364 P.2d 891, MARSHALL v. MARSHALL
Discussed
 1921 OK 380, 202 P. 1019, 84 Okla. 159, INGRAM v. GROVES
Discussed
 1995 OK 69, 903 P.2d 293, 66 OBJ 2117, Stites v. Duit Const. Co., Inc.
Discussed
 1995 OK 117, 907 P.2d 1034, 66 OBJ 3471, McMillian v. Holcomb
Discussed
 1974 OK 148, 529 P.2d 982, BRAS v. GIBSON
Discussed
 2012 OK 97, 295 P.3d 1123, COLCLASURE v. COLCLASURE
Discussed
 1978 OK 35, 576 P.2d 1157, ASSOC. CLASSROOM TCHRS. OF OKL. v. BD. OF ED.
Discussed
 1980 OK 139, 641 P.2d 1101, United Engines, Inc. v. McConnell Const., Inc.
Discussed at Length
 1950 OK 81, 218 P.2d 354, 203 Okla. 105, CHAMPION v. CHAMPION
Discussed
 1985 OK 96, 714 P.2d 193, 56 OBJ 2774, Adams v. Unterkircher
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 990.4, Stay of Enforcement of Judgment, Decree, or Final Order
Discussed at Length
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Cited