## PICKERING LUMBER CO. v. HARRIS et al.

No. 20603. Opinion Filed Dec. 3, 1929.

Rehearing Denied Jan. 7, 1930.

H. P. White and Baker, Botts, Parker & Garwood, for plaintiff in error.

Redmond S. Cole, for defendants in error.

PER CURIAM. This cause is before the court on motion of the defendants in error to dismiss the appeal upon the grounds the plaintiff in error has accepted the benefits of that part of the judgment favorable to it, thereby waiving its right of appeal from that part unfavorable to it.

This action was instituted in the district court of Osage county by the Pickering Lumber Company, and judgment rendered in its behalf February 1, 1929. On motion of the defendants E. N. Lacy and Mrs. E. N. Lacy, the trial court, on February 18, 1929, vacated and set aside the judgment as to them. So much of the judgment appealed from as is necessary to determine the question now under consideration is as follows:

"It is, therefore, ordered, adjudged and decreed that the motion to vacate judgment be sustained and the judgment heretofore entered in this cause on February 1, 1929, against E. N. Lacy and Mrs. E. N. Lacy, be and the same is vacated and set aside; and it is further ordered and decreed as a part of said judgment, that the defendants E. N. Lacy and Mrs. E. N. Lacy do pay all the costs accrued to date in this action and further that they pay to the clerk of this court the sum of $47.58, being the sum due plaintiff on account of the bringing from Kansas City, Mo., to Pawhuska, Okla., of a witness to appear for trial, to which ruling of the court the plaintiff excepts. * * *"

In compliance with said judgment, the defendants the Lacys paid into court by depositing with the clerk the sum of $83.33, $35.75 of which was to cover court costs to date of payment and $47.58 to cover expenses in bringing witness from Kansas City, Mo., to Pawhuska, Okla., February 1, 1929.

The plaintiff accepted from the court clerk, and withdrew from the moneys so paid by the Lacys the sum of $63.23, of which plaintiff in error in its response says: "However, we withdrew only $63.23, leaving $16.20 of our cost deposit to take care of further costs. We only accepted reimbursement of expenses incurred by bringing witnesses from Kansas City, Mo., not charged as costs, and withdrew a portion of the costs deposit released by payment of costs by the movant." The judgment sought herein to be reviewed must stand or fall in its en-

tirety, and if that part of the judgment appealed from vacating the former judgment be held in this court to be invalid, that part of the judgment requiring the Lacys to pay costs and expenses would be invalid, and the plaintiff in error, having accepted that part of the judgment requiring the payment of money for its benefit as valid, must accept that part of the judgment vacating the former judgment as valid. Under the rule announced by this court in the case of Davis v. Flint, 130 Okla. 110, 265 Pac. 101, and in Elliott v. Orton, 69 Okla. 233, 171 Pac. 1110, the plaintiff in error, by accepting the amount of witness' expense and a part of the costs released by payment by the Lacys as required in the judgment, recognized the validity of that part of the judgment requiring defendants to pay costs and expenses and cannot maintain an appeal as to that part of the judgment vacating the former judgment of which it complains.

The appeal is dismissed.