### McCARTY v. LUMRY et al.

No. 26100.    Sept. 17, 1935.

Chas. R. Alexander, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

PER CURIAM. This action was commenced by the holder of a tax title to quiet title against the defendants, and upon final judgment the court found that the tax deed under which plaintiff in error claimed was void, and ordered that the plaintiff in error be paid the sum of $425.02, the amount expended by the plaintiff in attempting to perfect his tax title.

A motion to dismiss has been filed, in which it is stated that a receipt has been filed with the clerk which is signed by the attorney for plaintiff, Charles R. Alexander, dated the 7th day of August, 1934, acknowledging receipt in full of said $425.02, which receipt states that it is payment in full for tax penalties, interest, and costs as per judgment and order of the court.

The cause must be dismissed. In City of Lawton v. Ayres, 40 Okla. 524, 139 P. 963, this court said:

"The rule is, 'That any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it.' 2 Cyc. 656. It is difficult to conceive a more solemn recognition by a municipality of the validity of a judgment rendered against it than is involved in a proceeding to fund the same under our statutes."

In like manner it is difficult to conceive of a recognition of a judgment more binding than the acceptance of a fund ordered paid in by the defendants upon a formal receipt by the attorney for the plaintiff.

The appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.