WALLACE et al. v. BOSTON MUTUAL LIFE INS. CO.

No. 32059. June 18, 1946.

Rehearing Denied Sept. 24, 1946.

*172 P. 2d 629.*

Harry Stephenson and Clem H. Stephenson, both of Okemah, and James R. Eagleton, of Oklahoma City, for plaintiff in error.

A. L. Beckett, of Oklahoma City, for defendant in error Boston Mutual Life Insurance Company.

RILEY, J. This action was commenced by the defendant in error, Boston Mutual Life Insurance Company, against plaintiffs in error, to foreclose a mortgage given to secure a promissory note representing a part of the purchase price of land which plaintiff had sold to defendants.

F. L. Kincade, the holder of a second mortgage, and Clem H. Stephenson, the holder of an oil and gas lease covering ¼ of the oil, gas, and mineral rights, were made parties defendant. Kincade answered by cross-petition and sought foreclosure of his mortgage.

Defendants filed a motion to make Lester T. Palmer, Edna V. Palmer, and T. E. Standley parties to the action, alleging that defendants, as a part of the purchase price of the land, executed the note and mortgage sued upon, and that plaintiff warranted the title thereto but that said Lester T. Palmer, Edna V.

Palmer, and T. E. Standley claimed to own some right, title, or interest in the oil, gas, and mineral rights which plaintiff conveyed to defendants. No formal order appears to have been entered making the parties defendant, but they appeared and filed their answer and cross-petition setting up a claim of ownership by each of the cross-petitioners of an undivided 1/6 interest in and to the oil, gas, and mineral rights in and under the land, with right of ingress and egress to explore for, operate, and remove same. They deraigned their title from and through the original allottee and by mesne conveyances to Sam T. Palmer, a deed from Sam T. Palmer and wife, covering the land, to Frank E. Luckett, reserving, however, to the grantors an undivided 1/2 interest in and to the mineral rights and the right of ingress and egress, etc., the death of Sam T. Palmer, leaving a will bequeathing his estate, including said mineral interest, to his widow, Edna V. Palmer, and his son, Lester T. Palmer, the probate of said will and distribution thereunder of the mineral rights mentioned, to said widow and son, and conveyance by Edna V. and Lester T. Palmer to T. E. Standley of an undivided 1/6 interest in said mineral rights. They prayed that their title to said mineral rights be quieted.

Defendants, by cross-petition, assailed the title to the mineral rights claimed by the Palmers and Standley, pleading title as against them by prescription.

As against plaintiff, defendants, by cross-petition, pleaded a contract to convey, and conveyance of, said premises by plaintiff to defendants by a deed represented to them to be a "warranty deed' which warranted title thereto except an undivided 1/4 interest in the mineral rights reserved by plaintiff in the deed; that defendants are poorly educated negroes and not familiar with the preparation and interpretation of instruments of that character; that plaintiff, by written instrument, contracted to convey said premises to de-fendants, reserving only an undivided 1/4 interest in the mineral rights, but that plaintiff prepared and presented to defendants a "special warranty deed," which plaintiff fraudulently represented to defendants as a warranty deed or better than a warranty deed, when in truth and in fact said deed amounted only to a quitclaim. They alleged that the mineral rights in said land were reasonably worth $50 per acre.

They prayed for judgment declaring the deed given them to be a warranty deed, requiring plaintiff to warrant and defend their title to said premises as against the claims of the Palmers and Standley, and in the event their title thereto failed, that defendants be given judgment against plaintiff to the extent of the value of said mineral rights.

Plaintiff disclaimed as to the undivided 1/2 of the mineral rights claimed by the Palmers and Standley, admitted that said interest was not covered by the mortgage, and alleged that plaintiff has never asserted, and does not now claim, any right, title, or interest in the mineral interests claimed by the Palmers and Standley. Plaintiff also admitted that it had waived priority of its mortgage as to the oil and gas lease given by defendants to Clem H. Stephenson and admitted that the sum of $1,000 paid by Stephenson for his lease had been received by plaintiff and credited on the note sued upon. Plaintiff also waived claim for personal judgment on the note and prayed only for judgment in rem subjecting the interest of defendants in the land to the payment of the balance of said indebtedness.

The somewhat complicated issues were tried to the court, resulting in a decree declaring plaintiff to be the owner of an undivided 1/4 interest in all the oil, gas, and mineral rights in and under said land and quieting its title thereto; that defendants Edna V. Palmer, Lester T. Palmer, and T. E. Standley are each the owner of an undivided 1/6 interest in and to all the oil, gas,

and minerals in and under and that may be produced from said land and quieting their title to said mineral interests; fixing the amount due on plaintiff's note in the sum of $595.80, for the further sum of $149.47 attorney's fee, decreeing plaintiff's mortgage to be a first and prior lien on said land and all the right, title, and interest of defendants E. M. Wallace and Lannie Wallace subject to a right of way of the State of Oklahoma, and subject to the undivided 1/6 interest in the oil, gas, and mineral rights belonging to each of the defendants Edna V. Palmer, Lester T. Palmer, and T. E. Standley, and subject to the oil and gas lease owned by defendant Clem H. Stephenson, foreclosing the mortgage and ordering the premises sold to satisfy the same. The decree also sustained the second mortgage of defendant Kincade, subject to the same exceptions.

Defendants E. M. Wallace and Lannie Wallace appealed as to the judgment and decree in favor of plaintiff and as to the judgment and decree in favor of defendants Edna V. Palmer, Lester T. Palmer, and T. E. Standley, filing a single petition in error and case-made and assigning 15 specifications of error.

Defendant in error Boston Mutual Life Insurance Company filed a motion to dismiss the appeal, upon the grounds, first, that the judgment in its favor has been fully satisfied by payment in full by plaintiffs in error of the indebtedness secured by said mortgage; second, that the appeal is duplicitous in that plaintiffs in error attempt to appeal from separate and distinct judgments in one petition in error and one case-made; and third, that the assignments of error are without merit.

We called for a response to said motion and plaintiffs in error, in their response, admitted that the judgment of the insurance company had been fully paid by them. We denied the motion to dismiss, by order pro forma on May 8, 1945. At the time said order was entered the case had not been briefed on the merits. Upon filing the briefs in the case the cause was assigned on the merits. Defendants in error again present the motion in their brief. Plaintiffs in error ignore the question and have cited no authorities on the question, neither in their brief nor in their original response to the motion.

The record discloses that after the case-made was prepared and served, and within the time allowed for suggestion of amendments, the plaintiff, Boston Mutual Life Insurance Company, suggested an amendment to the effect that on July 1, 1944, the defendants E. M. and Lannie Wallace paid off and discharged the judgment in rem obtained by plaintiff on June 20, 1944. Thereupon the case-made was amended so as to show satisfaction and release of said judgment as follows:

"State of Oklahoma,
Okfuskee County, ss.
    In the District Court
"Boston Mutual Life Insurance
    Company, a corporation, Plaintiff,

    v.                    No. 10785

"E. M. Wallace et al,    Defendants.

"Satisfaction and Release of Judgment

"Comes now the plaintiff, Boston Mutual Life Insurance Company, a corporation, hereby acknowledges payment in full and complete satisfaction of the judgment heretofore rendered in the above styled and numbered case in favor of the plaintiff and against the defendants in said cause as a judgment in rem, and the Court Clerk is hereby authorized to endorse this satisfaction of record on the judgment docket of said court, and said property covered by said judgment is hereby released from the same.

"Dated at Okemah, Oklahoma, this 1st day of July, 1944.

    "Cecil C. Cohoon & T. H. Wren
    "Attorneys of record of said plaintiff.

"Endorsed: Filed Dec. 16, 1944, J. R. Day, Court Clerk, by

        "Leona B. Ott, Deputy."

It therefore appears that before the petition in error and case-made were filed in this court the defendants had paid in full the judgment obtained against them by the plaintiff Boston Mutual Life Insurance Company.

In Bateman v. Riner, 170 Okla. 13, 38 P. 2d 581, it is held:

"Where, pending an appeal, a satisfaction of judgment is filed in the trial court, the proceedings in the Supreme Court will be dismissed as moot."

In Duncan v. Ratcliff, 63 Okla. 19, 161 P. 1174, the opinion of the court is as follows:

"From the motion to dismiss filed herein by defendants in error, attached to which is the affidavit of the clerk of the district court, it appears that the judgment from which this appeal is prosecuted has been fully satisfied and discharged. Hence the questions presented here have ceased to exist and have become moot.

"The appeal is therefore dismissed."

In City of Lawton v. Ayres, 40 Okla. 524, 139 P. 963, it is held:

"Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom or to bring error to reverse it."

In that case there was a verdict and judgment against the city of Lawton in favor of defendant in error Ayres in an action for damages for personal injuries, from which the city had appealed. Pending appeal, the city of Lawton commenced a proceeding for the purpose of funding its warrant and judgment indebtedness wherein it included the judgment in favor of Ayres. The proceedings culminated in a bond issue in which said judgment was included as one of the items funded. Mr. Justice Kane, speaking for the court, said:

"The contention of the movant is that this proceeding constitutes a recognition on the part of the city of the validity of the judgment rendered against

it, and a waiver of its right to appeal therefrom or to bring error to reverse it. We think this position is well taken. The rule is, 'that any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it.' 2 Cyc. 656. It is difficult to conceive a more solemn recognition by a municipality of the validity of a judgment rendered against it than is involved in a proceeding to fund the same, under our statute."

Difficult as it may have been in that case to conceive a more solemn recognition of the validity of a judgment, it would appear in this case there is a more solemn recognition of the validity of a judgment. In City of Lawton v. Ayres, supra, the city had only made arrangements for the money with which to pay the judgment, while in this case the defendants actually paid the judgment in full and the plaintiff released the property from the lien. Clearly there was a recognition of the validity of the judgment at least in part. See Smith v. Smith, 111 Okla. 126, 236 P. 579; Brandt v. Lane, 113 Okla. 14, 237 P. 459; McCarty v. Lumry, 173 Okla. 472, 49 P. 2d 188; Haskell v. Ross, 71 Okla. 46, 175 P. 204. In the latter case it is said:

"The rule is that any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom or to bring error to reverse it."

In Elliott et al. v. Orton, 69 Okla. 233, 171 P. 1110, it was held:

"A party who voluntarily acquiesces in or ratifies either partially or in toto, a judgment against him, cannot appeal from it."

That pronouncement was based upon Barnes et al. v. Lynch et al., 9 Okla. 11, 59 P. 995.

Under the rule stated in City of Lawton v. Ayres, supra, and other cases cited herein, the appeal must be dismissed, at least as to defendant in er-

ror Boston Mutual Life Insurance Company.

After denial of the motion to dismiss, plaintiffs in error have filed their brief and have wholly failed to present or discuss any assignments of error going to that part of the judgment in favor of defendants in error Edna V. Palmer, Lester T. Palmer, and T. E. Standley, and those assignments of error must be treated as abandoned. It follows that the appeal should be, and is hereby, dismissed as to all defendants in error.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.