**PIXLEY LUMBER COMPANY, a corporation, Appellee,**

**v.**

**Fred W. WOODSON, Trustee, et al., Appellants.**

**No. 48702.**

Supreme Court of Oklahoma.

Oct. 19, 1976.

Rehearing Denied Nov. 23, 1976.

---

Woodson & Gasaway, P.C., by Don E. Gasaway, Mac Finlàyson, Legal Intern, Tulsa, for appellants.

HODGES, Vice Chief Justice.

This is an appeal from a judgment foreclosing mechanic and materialmen's liens. Pixley Lumber Company, appellee, filed suit to foreclose its lien for materials furnished in the improvement and construction of a new home under contract with and on property owned by Raymond L. Shackelford, Jr. and Sidney Shackelford, husband and wife. Named as defendants in the suit were Fred W. Woodson, Trustee in Bankruptcy for the Shackelfords and other lien claimants whose judgments were paid in full prior to this appeal being lodged, Sooner Federal Savings and Loan Association, mortgagee, and the appellants, Edward Eugene Scott and Lois Christine Scott, his wife, who acquired the property from the Shackelfords at a time when all outstanding materialmen's and mechanics' liens had not been paid. Pixley Lumber Company was awarded judgment in rem against the real property, attorney fees and costs. To prevent foreclosure, the Scotts attempted to pay all but two or three hundred dollars of the judgment to Pixley Lumber Company. The tender was refused because it was not payment in full. The judgment was assigned to Standard Title Insurance Company who paid Pixley Lumber in full. Before foreclosure could be held, the money tendered by the Scotts, which had been refused by Pixley Lumber Company because it was insufficient, was accepted by the title insurance company on behalf of Sooner Federal Savings and Loan Association, but not as payment in full. The Scotts timely filed an appeal, but no supersedeas bond was posted as required by 12 O.S.1971 § 968.

It is asserted by the appellee that the Scotts have, by almost total payment of the judgment, waived their right to appeal, and that the appeal should be dismissed. We agree.

Frank R. Hickman, Tulsa, for appellee.

Blackstock, Joyce, Pollard, Blackstock & Montgomery by Edward F. Montgomery, Tulsa, for assignee Standard Title Ins. Co.

Any act by the defendant which impliedly recognizes the validity of a judgment against him operates as a waiver to appeal.[1] The right to appeal may be waived by acts of the party which are inconsistent with the assertion of the right. A party who voluntarily acquiesces in or ratifies either partially, or in toto, a judgment against him cannot appeal therefrom.[2] We find that by partial payment of the judgment the Scotts waived their right to appeal. In *Wallace v. Boston Mutual Life Insurance Co.*, 197 Okl. 698, 172 P.2d 629 (1946) the Court said:

> "Payment by defendant of a judgment against him constitutes full recognition of the validity of the judgment and operates as a waiver of the right to appeal."

CERTIORARI GRANTED. DECISION OF THE COURT OF APPEALS VACATED AND APPEAL DISMISSED.

All Justices concur.

---

1. *Wallace v. Boston Mutual Life Insurance Co.*, 197 Okl. 698, 172 P.2d 629 (1946).

2. *Elliot v. Orton*, 69 Okl. 233, 171 P. 1110 (1918) ; *Barnes v. Lynch*, 9 Okl. 11, 59 P. 995 (1899).