**TARA OIL COMPANY, Appellant,**

v.

**KENNEDY & MITCHELL, INC., and The Corporation Commission of the State of Oklahoma, Appellees.***

No. 53147.

Supreme Court of Oklahoma.

March 31, 1981.

H. B. Watson, Jr., and Richard K. Books, Lee Simpson, Legal Intern, Watson, McKenzie & Moricoli, Oklahoma City, for appellant.

Harry C. Marberry, Oklahoma City, for appellee.

* *Editor's Note:* The opinion of the Supreme Court of Oklahoma in Seigle v. Thomas, published in the advance sheets at this citation (622 P.2d 1076), was withdrawn from the bound volume and will be republished.

WILLIAMS, Justice:

Appellant Tara Oil Company (Tara) on January 5, 1979 appealed from an order (judgment) of the Corporation Commission (Commission) dated November 8, 1978. That judgment had pooled the leasehold interests in a section of land in Harper County, owned one-fourth by applicant, Kennedy and Mitchell, Inc., (K. & M.), appellee and three-fourths by Tara. We determine Tara has waived its appeal.

Tara professes it did not receive notice of the hearing at which the Commission was to consider the application to pool. It did receive a copy of the pooling order. Tara filed separate applications to vacate and to stay effectiveness of the judgment. Hearing was set and the parties appeared, Tara by counsel. Tara's attorney sought a continuance, stating the managing officer of Tara desired to be present and present evidence as to Tara's correct mailing address, a well location he preferred over that suggested by K. & M. and as to value of Tara's leasehold interest.

Following the hearing on Tara's motions, the Commission issued a new order on December 22, 1978 denying the motion to vacate judgment and vacating the stay order it had earlier made on Tara's request.

In its appeal filed January 5, 1979, Tara contends the notice mailed to it by K. & M. of the setting of K. & M.'s application to pool had been sent to a different address (room 1006) in the same building (Russ) in San Francisco, California, than the one (room 642) of that building at which it had its offices and that the first notice it had of any such pooling proceeding was receipt of copy of the pooling order dated November 8, 1978.

In the Commission's order of December 22, 1978 it extended until December 28, 1978 the time for Tara to elect whether to take the cash bonus and percentage of oil and gas produced or to indicate its choice to

join in paying for expense of drilling and, if applicable, completion of the contemplated well.

K. & M. moved to dismiss Tara's appeal and has renewed the motion in answer brief. K. & M. contends the appeal should be dismissed because Tara has accepted K. & M.'s check for the cash portion of the bonus ($36,000.00), cashed the check and still retains the proceeds, and that meanwhile K. & M. has been out all the expense of and has proceeded to drill and has completed the contemplated well and placed it on production.

Tara resists the motion to dismiss. When Tara acknowledged to K. & M. by letter appearing in the record, the receipt of the described check, it added in such letter that "We have accepted this bonus payment subject to determination of the validity of the order on appeal." Tara asserts that the opinion of this court in the case of *In re Reid's Estate*, 294 P.2d 544 (Okl.1956), is authority for this court to retain jurisdiction of its appeal. It points out that this court there stated "that, in order to effect a waiver or estoppel, there must be some intent to enjoy a benefit from or to base some interest on, the judgment appealed from." Tara denies having any such intent.

Tara's reliance on that case is not well founded. In the *Reid's Estate* case, this court merely held that the request by the son of the incompetent, Reid, Sr., that the county court advance the hearing on the son's motion to discharge the guardian so that the son, Reid, Jr., could timely bring a single appeal from the anticipated overruling of his motion to discharge guardian along with the previously entered judgment denying his objections to the guardian's report was not the acceptance of a benefit of the first judgment and a waiver of the son's right of appeal.[1]

In the case of *Bras v. Gibson*, 529 P.2d 982, 983, 984 (Okl.1974), which Tara seeks to

distinguish, Mr. Bras had been the high and accepted bidder at a court-ordered sale of the assets of a partnership that had existed between his father and others and himself until dissolution by the death of the father, but failed to advance the amount of his bid. Thereupon the property was ordered sold to the next highest bidder, another partner, and the amount of the bid was paid into court. Mr. Bras, Jr., received a court clerk's cash voucher for his share of the proceeds of the sale. He endorsed the voucher in pertinent part as follows: "This check cashed under protest and duress. Sale and distribution is on appeal...."

As concerns the subject of "duress," we deem the rationale of the case of *Bush v. Aetna*, 51 Okl. 529, 151 P. 850, 851 (1915), by reason of analogy, to be applicable here. There this court held it was not an involuntary payment (under duress) for the judgment debtor to pay a judgment he had appealed simply because he was not financially able to make supersedeas.

In the *Bras* case, supra, quoting from earlier decisions, we stated, in effect, that acceptance of the benefits of a part of the judgment favorable to an appellant, constitutes a waiver of his right of appeal as to the other parts of the judgment. *Ingram v. Groves*, 84 Okl. 159, 202 P. 1019 (1922); *Pickering Lbr. Co. v. Harris*, 140 Okl. 303, 283 P. 563 (1929).[2]

We determine our opinion in *Bras v. Gibson*, supra, is controlling here. Making appropriate substitutions of language including substituting the name of Tara instead of Bras, some of the pertinent language of that case modified to fit this case, would read as follows:

[Tara] needed only to appeal the trial [tribunal's] actions to protect [its] interest. [Its] act in cashing the [check] was voluntary and for [its] benefit....

[Tara] did two inconsistent acts. [It] accepted the fruits of the judgment, but

---

1. This court has specifically so stated. *Bras v. Gibson*, infra.

2. See also *Pixley Lumber Co. v. Woodson*, 556 P.2d 596 (Okl.1976), of similar effect.

also sought to repudiate the judgment. . . .

We hold [Tara] cannot accept the fruits of the trial [tribunal's] order that accrue to [it] and at the same time maintain an appeal from all or parts of the [judgment] not to [its] benefit.

Our decision renders the further consideration of other matters suggested or briefed by the parties to this appeal inappropriate.

APPEAL DISMISSED.

All Justices concur.