Jerry **SNEED, Earl Youree and Jack I. Gaither, Appellants,**

v.

**Robyn Lynn SNEED, Appellee.**

No. 59441.

Supreme Court of Oklahoma.

May 1, 1984.

---

Jack I. Gaither, Tulsa, Earl Youree, Wagoner, for appellants.

Ken V. Cunningham, Tulsa, for appellee.

KAUGER, Justice.

Certiorari has been granted for the limited purpose of deciding whether a contingent fee contract executed by the parents of a minor is binding on the minor after she attains majority, reaps the benefit of the representation, and then, attempts to repudiate the contract.

Sixteen year old Robyn Lynn Sneed was struck by a car on May 24, 1981. Two days after the accident, her parents signed a contingent fee agreement with Earl Youree, who subsequently associated Jack I. Gaither in the case. Robyn's relationship with her parents deteriorated, and she ran away from home. Sometime in February, 1982, the district court of Tulsa County notified Jerry Sneed of proceedings to appoint a guardian for Robyn in Tulsa County, and also issued an order restraining him from taking any action regarding the accident. On March 30, 1982, Youree filed a petition in the district court of Wagoner County by and through her father, Jerry Sneed, as an individual and as next friend. Thereafter, the court-appointed guardian employed an attorney who unsuccessfully attempted to remove her father from participation in the negligence action. Robyn attained the age of majority on August 31, 1982. On November 9, 1982, the district

court of Wagoner County approved an agreed $25,000 settlement which had been negotiated by Youree and Gaither three days earlier, but denied their claim for attorney fees. On appeal, Robyn acknowledged that nine hours of Youree's work inured to her benefit. The Court of Appeals remanded the cause to determine the actual medical expenses of Robyn's father, and to award compensation for nine hours to Youree. Gaither was denied any compensation.

### DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT REFUSED TO ENFORCE THE CONTINGENT FEE CONTRACT?

■ The appellants, Youree and Gaither (attorneys) contend that the trial court abused its discretion by its refusal to award any attorney fees. We agree.[1] Although contingent fee contracts are subject to restrictions, especially if the client is a minor, such agreements have generally been enforced unless the contract is unreasonable.[2] Often contingent fee agreements are the only means possible for litigants to receive legal services [3] ..... contingent fees are still the poor man's key to the courthouse door.[4] The contingent fee system allows persons who could not otherwise afford to assert their claims to have their day in Court.

■ Cases involving minors impose a duty upon the trial court to protect the child's interest.[5] The next friend [or guardian *ad litem*] has the power to employ and select counsel, but the amount of attorney's fees is determined by the trial court, after consideration of all the attendant circumstances.[6] The trial court had jurisdiction to examine the contingent fee contract, and to set a reasonable fee. The record reflects that under the circumstances a just compromise and settlement was effected by the efforts of the attorneys, Youree and Gaither. The judgment of the trial court which denied the attorneys' fee pursuant to the contingent fee contract is tantamount to a conclusion that Robyn received no benefit from the service of the attorneys. In *Abel v. Tisdale*, 619 P.2d 608, 612, (Okl.1980), this Court held that a trial court has the authority to reduce attorney's fees contracted by the parent on a contingent fee basis, if the reduction is supported by the evidence. *Abel* does not hold, however, that a minor is entitled to free attorney's fees in prosecution of a tort claim.

■ The Court of Appeals apparently determined that a $25,000 settlement for Robyn merited compensation for only nine hours work by the attorneys who produced it. Its conclusion ignores the required analysis of several interacting factors mandated by prior decisions of this Court. A reasonable fee may be that provided by the contingent fee contract, or it may be less. The hourly rates of compensation should be determined; then an additional attorney fee should be based on the following criteria: [7]

---

1. See *Abel v. Tisdale*, 619 P.2d 608, 610–12 (Okl. 1980), *Kinnear v. Dennis*, 97 Okl. 206, 223 P. 383–84 (1924).

2. See Annot. *"Power of guardian ad litem or next friend to bind infant by his contract with attorney fixing compensation,* 7 ALR 108 (1920).

3. *Abel v. Tisdale,* supra, note 1.

4. A. Kraut, *"Contingent Fee; Champerty or Champion"* 21 Cleve.St.L.Rev. 15, 29 (1972) citing M. McNamara, *"2000 Famous Legal Quotations"* p. 215 (1967).

5. *Harjo v. Johnston,* 187 Okla. 561, 104 P.2d 985, 991 (1940).

6. *Plummer v. Northern Pac. Ry. Co.,* 98 Wash. 67, 167 P. 73, 75 (1917).

7. *Oliver's Sport Centers v. Nat'l Standard Ins. Co.,* 615 P.2d 291, 295 (Okl.1980); *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659, 661, (Okl.1979)

Title 5 O.S.1981 Ch. 1, App. 3, DR.2–106(B), delineates the following standards:
"1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
2) the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer;
3) the fee customarily charged in the locality for similar legal services;
4) the amount involved and the results obtained;

"1) time and labor required;

2) the novelty and difficulty of the questions;

3) the skill requisite to perform the legal service properly;

4) the preclusion of other employment by the attorney due to acceptance of the case;

5) the customary fee;

6) whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;

8) the amount involved and the results obtained;

9) the experience, reputation and ability of the attorney;

10) the 'undesirability' of the case [i.e., risk of non-recovery];

11) the nature and length of the professional relationship with the client;

12) awards in similar cases".

Although these guidelines are applicable in the absence of a contract or a statute, we find them to be appropriate to determine a reasonable attorney fee when the trial court must set a fee in a matter which involves a contingent fee contract executed by a guardian *ad litem* or next friend on behalf of a minor. The cause is remanded to the trial court with directions to conduct an evidentiary hearing on the issue of reasonable attorney's fee utilizing the appropriate standards.

REVERSED AND REMANDED WITH DIRECTIONS.

All the Justices concur.

5) the time limitations imposed by the client or by the circumstances;

6) the nature and length of the professional relationship with the client;

7) the experience, reputation and ability of the lawyer or lawyers performing the services;

8) whether the fee is fixed or contingent."