**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OKLAND OIL COMPANY,

      Plaintiff - Appellant-
Cross-Appellee,

v.

CONOCO, INC., a Delaware
corporation,

      Defendant - Appellee-
Cross-Appellant.

Nos. 97-6343 & 97-6371
(D.C. No. CIV-96-83-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY** and **LUCERO**, Circuit Judges.

In diversity cases, federal courts apply state law to determine the propriety

of attorney fee awards. See Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency,

123 F.3d 1351, 1352 (10th Cir. 1997). Under Oklahoma law, the award of

attorney fees is within the discretion of the trial court and will not be disturbed

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

absent abuse of that discretion.  See Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 932 P.2d 1091, 1097 (Okla. 1996).  Underlying determinations of state law, however, are properly reviewed de novo.  See Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 871 (10th Cir. 1992).

We have have reviewed the briefs of the parties and the attached record, and determine that the district court committed no error of law or abuse of discretion in its award of attorney fees.  Having failed to assist in a meaningful manner the district court's determination of which fees were traceable to the tort claims, Okland cannot now complain that the proportional division made by the district court was beyond its discretion.  Indeed, under the circumstances presented, that division strikes us as eminently pragmatic and reasonable.  Further, we are unpersuaded that any of the tort claims were brought pursuant to § 570.10 of Oklahoma's Production Revenue Standards Act.  See Okla. Stat. Ann. tit. 52 § 570.10 (West Supp. 1998).  Consequently, we see no legal error in the determination that fees should be denied Okland on its tort claims.

Finally, we see no merit to Okland's claim that the district court's refusal to award a bonus was erroneously made under federal law.  The district court specifically referenced the factors relevant to bonus determinations from the leading state law case, Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979).  We do not construe the district court's reference to Judge Cauthron's

exposition of federal practice to mean that the district court misunderstood its discretion under Oklahoma law.  Rather, the district court appears to have determined, consistent with Oklahoma law, that, in this case, the Burk factors were adequately "subsumed in the rate times hours calculation."  Appellant's Br., tab A, at 2 (quoting Robin J. Cauthron, Proving Attorney's Fees in Federal Court, 61 Okla. B.J. 2813, 2817 (1990)).  Had the district court relied on "rate times hours" as the single relevant factor, that would be an abuse of discretion under Oklahoma law, see Adams v. Unterkircher, 714 P.2d 193, 197 (Okla. 1986) (citing Sneed v. Sneed, 681 P.2d 754, 756 (Okla. 1984)), but the court expressly stated to the contrary.

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge