2017 OK CIV APP 39

Charles SHEFFER, an individual, Jennifer Sheffer, an individual, and Joshua Sheffer, a minor, by and through his parents, Charles and Jennifer Sheffer, Plaintiffs,

v.

CAROLINA FORGE COMPANY, LLC, and William Garris, III, Defendants,

and

Garrett Law Center, PLLC, Appellant,

v.

The Hershewe Law Firm, P.C., Appellee.

Case Number: 114771

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 07/20/2017

Mandate Issued: 08/22/2017

D. Mitchell Garrett, Amber Peckio Garrett, GARRETT LAW CENTER, PLLC, Tulsa, Oklahoma, for Appellant.

Michelle B. O'Neal, THE HERSHEWE LAW FIRM, P.C., Joplin, Missouri, for Appellee.

Bay Mitchell, Presiding Judge:

¶1 This appeal involves two law firms disputing the trial court's division of a $234,462.34 contingent attorney fee fund. The court awarded $5,000.00 to attorney Rick Yohn, then awarded Appellant Garrett Law Center, PLLC (GLC) 25% of the fund and 75% to Appellee The Hershewe Law Firm, P.C. (HLF). We find the division was not against the clear weight of the evidence or contrary to law. Accordingly, we affirm.

¶2 Plaintiffs Charles Sheffer, Jennifer Sheffer and Joshua Sheffer (the Sheffers) filed suit for personal injuries sustained in an automobile accident with Defendant William Garris, III (Garris) and David Billups (Bill-

ups) near Miami, Oklahoma. Garris and Billups were on a business trip in Joplin, Missouri for their employer, Defendant Carolina Forge Company, LLC (Carolina Forge). After spending the day with clients, Garris and Billups decided to go to Buffalo Run Casino. On their return to their hotel, they collided with the Sheffers' eighteen-wheeler tractor trailer. Billups died as a result of the wreck, and the Sheffers sustained serious injuries.

¶ 3 The Sheffers hired and fired three different law firms and/or attorneys while pursuing their claims before ultimately hiring GLC. The Tawwater Law Firm and attorney Rick Yohn (Yohn) initially represented the Sheffers, filing the petition on August 25, 2008. In April 2010, the Sheffers hired HLF to take over as lead counsel. HLF provided representation to the Sheffers for approximately 4.5 years. During this time, HLF represented the Sheffers' claims against multiple defendants, including Carolina Forge, Billups, Garris, Buffalo Run Casino, PTE, Inc., and the Peoria Tribe of Indians. The case involved numerous complex issues, including the disputed identity of the driver who collided with the Sheffers; the contested legal theory as to whether the driver was acting in the course and scope of his employment; whether Carolina Forge negligently entrusted the vehicle to their employees; and the pursuit of potential dram-shop claims against the casino and the tribe.

¶ 4 In pursuit of the Sheffers' claims, HLF gathered medical records, consulted with experts, conducted legal research, issued discovery, conducted depositions, drafted motions, and attended hearings. HLF also filed and litigated two separate appeals to the Oklahoma Supreme Court. In the first appeal, the Court found that the trial court improperly granted summary judgment to Carolina Forge because reasonable minds could differ on whether Billups and Garris were in the course and scope of their employment at the time of the accident and whether Carolina Forge negligently entrusted the rental vehicle to them. *Sheffer v. Carolina Forge Co., LLC*, 2013 OK 48, ¶ 30, 306 P.3d 544, 553. In the second appeal, the Court affirmed the trial court's dismissal of the Peoria Tribe and its entities, finding the tribe was immune from suit in state court for compact-based tort or prize claims and from state court dram-shop liability. *Sheffer v. Buffalo Run Casino*, 2013 OK 77, ¶ 50, 315 P.3d 359, 373.

¶ 5 After losing its case on appeal, Carolina Forge proposed mediation. The trial court also encouraged mediation. On September 19, 2014, defense counsel notified the court that the parties intended to mediate the case by mid-October. The case, however, did not proceed to mediation at that point because the Sheffers refused to agree to a mediator. The Sheffers notified HLF on September 30, 2014 that it was being terminated. GLC filed its entry of appearance on October 10, 2014. GLC reviewed the file, ordered some missing medical records, prepared a written demand, and mediated the case. Through mediation, Carolina Forge agreed to pay $610,000.00 to settle the Sheffers' claims.

¶ 6 GLC then filed a motion to interplead and disburse the settlement funds, asking the court to determine payment of the medical bills and liens, including the attorney fee liens filed by Yohn, HLF, and GLC. Pursuant to GLC's written contingency fee contract with the Sheffers, 40% of the settlement was to be paid as attorney fees. However, GLC agreed during the mediation that all medical bills, medical liens, and a possible insurance lien would be paid out of the attorney fees and that GLC would not charge any litigation expenses. After deducting payment of those bills and liens, $234,462.34 was left as attorney fee proceeds.

¶ 7 An attorney fees hearing was held on December 17, 2015. The court considered the attorneys' pleadings, oral argument by all interested counsel, and "the Court's own familiarity with this case and the work performed by the respective attorneys" and found that, after resolution of an outstanding subrogation claim, the attorney fees remaining should be distributed as follows: $5,000.00 to Yohn; 25% to GLC; and 75% to HLF.[1] GLC appeals.

---

1. The subrogation claim was later denied by the trial court.

¶ 8 An action to enforce an attorney's lien is an equitable matter. *Duffy v. Cope*, 2000 OK CIV APP 140, ¶ 7, 18 P.3d 366, 368. "A judgment in a case of equitable cognizance will be sustained on appeal unless it is found to be against the clear weight of the evidence, or is contrary to law or established principles of equity." *Id.*

¶ 9 GLC argues the court's apportionment was contrary to law because the court failed to consider the factors set forth in *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659. HLF argues that GLC's reliance on *Burk* is misplaced. We agree. *Burk* applies to evaluate the reasonableness of an attorney fee award "in the absence of a contract or a statute fixing the amount." *State ex rel. Dep't of Transp. v. Cedars Grp., L.L.C.*, 2017 OK 12, ¶ 23, 393 P.3d 1095, 1104 (citing *Oliver's Sports Center, Inc. v. Nat'l Standard Ins. Co.*, 1980 OK 120, ¶ 7, 615 P.2d 291, 294). The *reasonableness* of the total contingency fee fund in this case, however, is not disputed. Rather, the issue is whether the trial court's *apportionment* of the fund between multiple lawyers who worked on the case at various times is contrary to law or against the clear weight of the evidence. A *Burk* analysis is not called for here.[2]

¶ 10 *Martin v. Buckman*, 1994 OK CIV APP 89, 883 P.2d 185, is directly on point. There, another division of this Court held that the award of the majority of a contingency fee fund to an attorney who had been discharged without cause, rather than to the successor attorney who ultimately settled the case, was not against the clear weight of the evidence. *Id.*, ¶¶ 1-2, 883 P.2d at 187. In so holding, the Court found that, when apportioning a contingency fee fund, the trial court should consider:

(1) The amount of the settlement or judgment the discharged attorney had a reasonable possibility of realizing had she been permitted to continue in the case; (2) the nature and extent of the services she rendered within the scope of the contingent fee contract; and (3) the nature and extent of the services rendered by the second lawyer.

*Id.*, ¶ 42, 883 P.2d at 194-95. The court noted that "The main objective is to evaluate the totality of the involved lawyers' efforts in terms of their proportional contribution to the creation of the fee fund to be divided." *Id.*, ¶ 42, 883 P.2d at 195.

¶ 11 Here, the court reasoned that HLF had represented the Sheffers for the majority of the proceedings and that GLC had not been around for the "big fight" in the case. The court further reasoned that HLF had succeeded in getting a decision from the Oklahoma Supreme Court that "turned master/servant law pretty much on its head[.]" The court noted that Carolina Forge was only kept in the lawsuit because of HLF's successful appeal and, without Carolina Forge, the only recovery available to the Sheffers would have been a $25,000.00 insurance policy. The trial court considered the nature of the case and noted that it had been long and complex. The court also heard GLC's argument regarding its contributions to the case and concluded that GLC had essentially reviewed the file, persuaded the Sheffers to mediate, and mediated the case.

¶ 12 GLC asserts numerous ways in which HLF allegedly mishandled the case, none of which are supported by the record. GLC presented no evidence that the Sheffers terminated HLF for cause, and the trial court did not conclude as such.[3] We also disagree with GLC's claim that the time HLF spent on the appeal of the tribal entities' dismissal should not have been considered in the trial court's apportionment because, according to GLC, the appeal was baseless. GLC argues the law was clear that state courts had no

---

2. Although there are reported contingency fee cases where a *Burk* analysis was applied, the issue in those cases was the reasonableness of the overall attorney fee award and not how the fee should be apportioned. *See, e.g., Oliver's Sports Center v. Nat'l Standard Ins. Co.*, 1980 OK 120, 615 P.2d 291; *Sneed v. Sneed*, 1984 OK 22, 681 P.2d 754; *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, 977 P.2d 357.

3. Even if HLF *had* been terminated for cause, it would still be entitled to recover fees for the services it provided. *See Duffy*, 2000 OK CIV APP 140, ¶ 8, 18 P.3d at 368 (noting "there is no controlling authority that would preclude [the attorney terminated with cause] from recovering a portion of the fees.").

jurisdiction over compact-based tort claims against the tribal entities. To the contrary, at that time Oklahoma did recognize state court jurisdiction over such tort claims. *See Sheffer v. Buffalo Run Casino*, 2013 OK 77, ¶6, 315 P.3d at 362.[4] The appeal was certainly not baseless.

¶ 13 Finally, we reject GLC's claim that the court erred by failing to hold an evidentiary hearing. The trial court held an attorney fees hearing on December 17, 2015 and gave each attorney the opportunity to explain the nature and extent of the services each had provided and how those services contributed to the creation of the contingency fee fund. GLC fails to explain how or to otherwise convince us that the court's hearing was deficient.

¶ 14 In sum, we find no error in the court's application of the law in apportioning the contingency fee fund. Further, the court's division was not against the clear weight of the evidence or otherwise an abuse of discretion.

¶ 15 AFFIRMED.

BUETTNER, C.J., and SWINTON, J., concur.

---

4. In *Sheffer v. Buffalo Run Casino*, 2013 OK 77, ¶ 6, 315 P.3d 359, a 5-4 decision of the Oklahoma Supreme Court, the Court did find the tribe to be immune from suit in state court, but in doing so specifically overruled three of its previous opinions from 2009 to the extent that they held to the contrary.